IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Estate of SEWAYNA E. BOMBAGI, )<br>by its Special Administrator, JoAnn Olson, )<br><br>        Plaintiff, )<br><br>v. )<br><br>ANDREW W. SCHWARTZ, ROSS D. )<br>SCHULZ, ANDREW J. MERKES, ERIC )<br>JENKIN, and TRENTON WOEBBEKING, )<br><br>        Defendants. )<br> ) | Case No: |

## COMPLAINT

**NOW COMES** the Plaintiff, Estate of Sewayna E. Bombagi, by its Special Administrator,

JoAnn Olson, by and through its attorneys, Hupy and Abraham, S.C., by Attorney Todd R. Korb,

brings this Complaint against the Defendants, Andrew W. Schwartz, Ross D. Schulz, Andrew J.

Merkes, Eric Jenkin, and Trenton Woebbeking, and states to the Court as follows:

### JURISDICTION AND VENUE

1.  Subject matter jurisdiction is present in this District pursuant to 28 U.S.C. §§ 1331,

1343, and 42 U.S.C. § 1983.

2.  Venue is present in this District pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

3.  The Decedent, Sewayna E. Bombagi, was an adult resident of the Town of Grand

Rapids, County of Wood, who resided at 7510 Kellner Road, Zip Code 54494; and that JoAnn

Olson has been appointed Special Administrator of the Estate of Sewayna E. Bombagi.

4.     Upon information and belief, the Defendant, Andrew W. Schwartz, is an adult resident of the City of Wausau, County of Marathon, residing at 1020 South 5th Avenue, Apartment 53, Zip Code 54401; that at all relevant times, the Defendant, Andrew W. Schwartz, was acting under color of state law in his capacity as a law enforcement officer employed by the Grand Rapids Police Department and was acting in the course and scope of his employment therein; and that the Defendant, Andrew W. Schwartz, is sued in his individual capacity.

5.     Upon information and belief, the Defendant, Ross D. Schulz, is an adult resident of the City of Wisconsin Rapids, County of Wood, residing at 7820 Evergreen Avenue, Wisconsin Rapids, Wisconsin, Zip Code 54494; that at all relevant times, the Defendant, Ross D. Schulz, was acting under color of state law in his capacity as a law enforcement officer employed by the Wood County Sheriff's Department and was acting in the course and scope of his employment therein; and that the Defendant, Ross D. Schulz, is sued in his individual capacity.

6.     Upon information and belief, the Defendant, Andrew J. Merkes, is an adult resident of the City of Wisconsin Rapids, County of Wood, residing at 2927 Chardonay Lane, Zip Code 54495; that at all relevant times, the Defendant, Andrew J. Merkes, was acting under color of state law in his capacity as a law enforcement officer employed by the Wood County Sheriff's Department and was acting in the course and scope of his employment therein; and that the Defendant, Andrew J. Merkes, is sued in his individual capacity.

7.     Upon information and belief, the Defendant, Eric Jenkin, is an adult resident of the City of Wisconsin Rapids, County of Wood, residing at 2140 Chase Street, Zip Code 54495; that at all relevant times, the Defendant, Eric Jenkin, was acting under color of state law in his capacity as a law enforcement officer employed by the Wisconsin Rapids Police Department and was acting

in the course and scope of his employment therein; and that the Defendant, Eric Jenkin, is sued in his individual capacity.

8.      Upon information and belief, the Defendant, Trenton Woebbeking, is an adult resident of the City of Wisconsin Rapids, County of Wood, residing at 1931 3rd Street North, Zip Code 54494; that at all relevant times, the Defendant, Trenton Woebbeking, was acting under color of state law in his capacity as a law enforcement officer employed by the Wisconsin Rapids Police Department and was acting in the course and scope of his employment therein; and that the Defendant, Trenton Woebbeking, is sued in his individual capacity.

## STATEMENT OF FACTS

9.      On December 8, 2024, at around 11:42pm, the Decedent, Sewayna E. Bombagi (hereinafter "Bombagi"), was experiencing symptoms of an allergic reaction when she placed a 911 call asking about getting a ride to the hospital.

10.     On the 911 call, Bombagi asked if the operator knew a cab company that could take her to the emergency room.

11.     The dispatch operator told Bombagi that she needed to call back on the non-emergency line to ask that question and then asked what was going on.

12.     Following this response, Bombagi hung up the phone.

13.     The dispatch operator then attempted to call back, with no response from Bombagi.

14.     The Defendant, Officer Andrew W. Schwartz of the Grand Rapids Police Department (hereinafter "Schwartz"), was dispatched for a 911 hang up/welfare check at Bombagi's address, in the Town of Grand Rapids, County of Wood, at 7510 Kellner Road, Zip Code 54494.

15.    Schwartz was aware of past incidents with Bombagi and knew that Bombagi had issues with mental illness.

16.    Schwartz arrived at the house and rang the doorbell.

17.    When Bombagi answered the door, Schwartz asked if she had called 911.

18.    Bombagi said yes and explained that she had called to ask about a cab that could take her to the hospital.

19.    Schwartz did not comment on or ask about if Bombagi needed to go to the hospital but instead asked if everything was alright inside the house.

20.    Bombagi responded, "No, my throat's really swollen up."

21.    Schwartz asked, "So you just called 911 for the cab company and nothing else?"

22.    Bombagi responded, "Well… Yeah."

23.    Schwartz told Bombagi that she was hesitating and asked again what was going on inside the house and whether there was an argument going on with someone inside.

24.    Bombagi responded, "No, I just don't feel well."

25.    Schwartz ignored Bombagi's statements about her swollen throat and need to go to the hospital and instead asked if there was someone else in the house with her.

26.    Bombagi responded yes, that Brian (her roommate) was in the house.

27.    Bombagi started to step back into her house and said that she just had not wanted to bother Brian.

28.    Schwartz asked if he could come into the house.

29.    Bombagi stopped and said, "No, I'd rather stay outside," then stepped back outside.

30.     Schwartz said, "Okay. Well I'd just feel more comfortable if I just make sure something's okay, 'cause we just have – we have people that will call 911 and then hang up, so. Okay. So, you said Brian is his name?"

31.     Bombagi responded with, "Yeah."

32.     Schwartz asked, "Has anything been going on? Why are you hesitant to go back in there?"

33.     Bombagi smiled and said, "I'm not hesitant to go back in there."

34.     Bombagi explained that her neighbor across the road was going to give her a ride to the hospital.

35.     Schwartz responded, "Okay. But. So, that doesn't really answer my question – why are you hesitant to go back in there?"

36.     Bombagi turned back toward the house and said, "Alright."

37.     Schwartz followed Bombagi to the door and said, "I'm sorry, what?"

38.     Bombagi responded, "I'll be right out," starting to step back into her home.

39.     Schwartz immediately tried to stop Bombagi, saying "Can't let you go back in there."

40.     Bombagi responded, "Yeah?"

41.     Schwartz said, "I can't, actually."

42.     Bombagi attempted to shut the door but Schwartz blocked it from closing all the way, shouting, "Do not close the door!", and he called for backup over his radio.

43.     Schwartz then opened the door and grabbed Bombagi, violently yanking her outside with no explanation.

44.     Bombagi asked what Schwartz was doing, but he only yelled "Get on the ground!" and "Stop resisting!" as he wrestled her to the ground.

45.     As Bombagi was wrestled to the ground, she was screaming for help.

46.     The Defendant, Officer Ross D. Schulz of the Wood County Sheriff's Department (hereinafter "Schulz"), arrived on the scene to help restrain Bombagi on the ground.

47.     Schwartz and Schulz handcuffed Bombagi's arms behind her back.

48.     The Defendant, Officer Andrew J. Merkes of the Wood County Sheriff's Department (hereinafter "Merkes"), arrived on the scene to assist Schwartz and Schulz.

49.     Bombagi continued to scream for help, and to "call the police," to which the officers responded that they were the police.

50.     At this time, Bombagi was lying face-down in the grass and dirt with her hands cuffed behind her back, Schwartz had his knee on the upper left side of her body, Merkes had his knee on the upper right side of her body, and Schulz held her legs.

51.     Merkes instructed Schulz to, and Schulz did, cross Bombagi's ankles and bend her knees, bringing her feet up to touch her body.

52.     This position resulted in Bombagi being held in a face down position, handcuffed behind her back, with her legs forced to bend at the knee with her feet near her buttocks, which is very similar to the dangerous "hog-tying" position.

53.     This position is prohibited across many law enforcement agencies because it compromises breathing.

54.     The Wisconsin Rapids Police Department was requested to bring their WRAP restraint device to the scene.

55.     Schwartz, Merkes, and Schulz continued to hold Bombagi in the hog-tying-like position while waiting for the arrival of the WRAP restraint device.

56.     Additionally, Schwartz and Merkes continued to put weight on Bombagi's back with their knees.

57.     After several minutes in this position, Bombagi said she could not breathe.

58.     The officers told Bombagi that she could breathe, saying "You're yelling and screaming; you're breathing just fine."

59.     Bombagi's cries for help gradually became weaker and less frequent.

60.     Bombagi continued to cry for help and asked the officers to "call 911."

61.     The officers responded that they were the police and repeatedly told Bombagi to stop calling for help.

62.     Approximately three minutes later, Bombagi again said that she could not breathe, and the officers responded by telling her she was breathing.

63.     Schwartz, Merkes, and Schulz continued to hold Bombagi in the hog-tying-like position until the WRAP restraint device was ready.

64.      The Defendants, Officer Eric Jenkin of the Wisconsin Rapids Police Department (hereinafter "Jenkin") and Officer Trenton Woebbeking of the Wisconsin Rapids Police Department (hereinafter "Woebbeking"), arrived on the scene, along with the WRAP restraint device, which was brought by Jenkin.

65.     Jenkin and Woebbeking observed the way Bombagi was being restrained.

66.     At this point, Bombagi was crying for help very weakly, before she stopped entirely.

7

67. Jenkin and Woebbeking straightened Bombagi's legs and began applying the WRAP restraint device.

68. Merkes noticed that Bombagi had become nonresponsive and began trying to check on her.

69. The officers theorized that Bombagi may have had a drug overdose and administered five doses of Narcan and performed CPR until emergency medical services arrived.

70. The officers did not remove Bombagi's handcuffs while administering Narcan or CPR, and continued to leave the handcuffs on until emergency medical services told them to remove the handcuffs.

71. Bombagi was never revived and was later pronounced dead.

72. Following the autopsy, the immediate cause of death was determined to be "cardiopulmonary arrest during law enforcement subdual and restraint."

73. The autopsy also revealed elevated levels of tryptase, indicating that Bombagi was having a possible allergic and/or anaphylactic reaction when she reported that her throat felt swollen.

## FIRST CAUSE OF ACTION

## 42 U.S.C. § 1983 – UNLAWFUL ARREST – ANDREW W. SCHWARTZ

74. That the Plaintiff incorporates and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

75. That on or about December 8, 2024, the Decedent, Sewayna E. Bombagi, was present at the property located at 7510 Kellner Road, Wisconsin Rapids, Wisconsin, Zip Code 54494.

76. That at that same time and place, the Defendant, Andrew W. Schwartz, by means of physical force and show of authority, terminated and/or restrained the Decedent's freedom of movement and liberty, and that the Defendant, Andrew W. Schwartz, lacked probable cause to justify a warrantless seizure of the Decedent, and therefore acted in such a manner that resulted in an unlawful arrest and unreasonable seizure of her person.

77. That at all times material hereto, the Defendant, Andrew W. Schwartz, was acting under color of law.

78. That the Defendant, Andrew W. Schwartz, lacked probable cause to justify a warrantless arrest or seizure of the Decedent because the Decedent had not committed any crime that the Defendant was aware of, had not made any statements or gestures to indicate that she was the victim of a crime, had conveyed a request to be taken to the hospital due to a swollen throat, and was only trying to re-enter her home after the Defendant asked, twice, why she was "hesitating" to re-enter her home.

79. That the unlawful arrest and unreasonable seizure subjected onto the Decedent by the Defendant, Andrew W. Schwartz, was a violation of the Fourth and Fourteenth Amendments' protections from unreasonable searches and seizures, and the substantive due process right of bodily integrity, thereby depriving her of the protections provided therein; and that as a resultant effect of this seizure, the Decedent suffered severe injuries, including her eventual death.

80. That the foregoing acts on the part of the Defendant, Andrew W. Schwartz, were the direct and proximate cause of the injuries, damages, and death of the Decedent, Sewayna E. Bombagi.

## SECOND CAUSE OF ACTION

## 42 U.S.C. § 1983 – EXCESSIVE FORCE – ANDREW W. SCHWARTZ

81.     That the Plaintiff incorporates and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

82.     That on or about December 8, 2024, the Decedent, Sewayna E. Bombagi, was present at the property located at 7510 Kellner Road, Wisconsin Rapids, Wisconsin, Zip Code 54494.

83.     That at that same time and place, the Defendant, Andrew W. Schwartz, used excessive force against the Decedent, including but not limited to yanking her through the doorway, throwing and/or wrestling her to the ground, putting his knee over her upper left body, cuffing her hands behind her back, and keeping her in an unsafe position despite her repeated statements that she could not breathe, and despite her previous statements that she needed to go to the hospital because her throat was swollen.

84.     That despite the Defendant's, Andrew W. Schwartz, knowledge of prior incidents with the Decedent, as well as the fact that she had a mental illness, he failed to use de-escalation tactics for safely handling a mentally ill person.

85.     That at all material times, the Defendant, Andrew W. Schwartz lacked probable cause to arrest the Decedent for any crime.

86.     That the force used by the Defendant, Andrew W. Schwartz, was objectively unreasonable under the circumstances, considering that the Decedent had not committed a crime, was not suspected of committing a crime, and had only been trying to re-enter her home.

87.     That the excessive force subjected onto the Decedent by the Defendant, Andrew W. Schwartz, was a violation of the Fourth and Fourteenth Amendments' protections from

excessive and unreasonable force in the course of arrest or detention and the substantive due process right of bodily integrity, thereby depriving her of the protections provided therein; and that as a resultant effect of this seizure, the Decedent suffered severe injuries, including her eventual death.

88.    That the foregoing acts on the part of the Defendant, Andrew W. Schwartz, were the direct and proximate cause of the injuries, damages, and death of the Decedent, Sewayna E. Bombagi.

## THIRD CAUSE OF ACTION

### 42 U.S.C. § 1983 – FAILURE TO INTERVENE – ANDREW W. SCHWARTZ

89.    That the Plaintiff incorporates and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

90.    That the Defendant, Andrew W. Schwartz, had a duty to intervene on behalf of a citizen whose constitutional rights were being violated in their presence by another officer.

91.    That the Defendant, Andrew W. Schwartz, was in a position to observe that the force used by the Defendants, Ross D. Schulz and Andrew J. Merkes, was excessive and unreasonable under the circumstances.

92.    That the Defendant, Andrew W. Schwartz, was in a position to intervene and had a reasonable opportunity to intervene to stop the excessive force used by the Defendants, Ross D. Schulz and Andrew J. Merkes.

93.    That the Defendant's, Andrew W. Schwartz, failure to intervene in the other Defendants' use of constitutionally unreasonable force violated the Decedent's clearly established constitutional rights.

11

94.     As a direct and proximate result of the failure to intervene by the Defendant, Andrew W. Schwartz, the Decedent suffered severe injuries, including her eventual death.

## FOURTH CAUSE OF ACTION

## 42 U.S.C. § 1983 – EXCESSIVE FORCE – ROSS D. SCHULZ

95.     The Plaintiff incorporates and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

96.     That on or about December 8, 2024, the Decedent, Sewayna E. Bombagi, was present at the property located at 7510 Kellner Road, Wisconsin Rapids, Wisconsin, Zip Code 54494.

97.     That at that same time and place, the Defendant, Ross D. Schulz, used excessive force against the Decedent, including but not limited to cuffing her hands behind her back, crossing her ankles and bending her knees, bringing her feet up to touch her body, and keeping her in an unsafe position despite her repeated statements that she could not breathe.

98.     That the force used by the Defendant, Ross D. Schulz, was objectively unreasonable under the circumstances.

99.     That the excessive force subjected onto the Decedent by the Defendant, Ross D. Schulz, was a violation of the Fourth and Fourteenth Amendments' protections from excessive and unreasonable force in the course of arrest or detention and the substantive due process right of bodily integrity, thereby depriving her of the protections provided therein; and that as a resultant effect of this seizure, the Decedent suffered severe injuries, including her eventual death.

100.    That the foregoing acts on the part of the Defendant, Ross D. Schulz, were the direct and proximate cause of the injuries, damages, and death of the Decedent, Sewayna E. Bombagi.

## FIFTH CAUSE OF ACTION

### 42 U.S.C. § 1983 – FAILURE TO INTERVENE – ROSS D. SCHULZ

101.    That the Plaintiff incorporates and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

102.    That the Defendant, Ross D. Schulz, had a duty to intervene on behalf of a citizen whose constitutional rights were being violated in their presence by another officer.

103.    That the Defendant, Ross D. Schulz, was in a position to observe that the force used by the Defendants, Andrew W. Schwartz and Andrew J. Merkes, was excessive and unreasonable under the circumstances.

104.    That the Defendant, Ross D. Schulz, was in a position to intervene and had a reasonable opportunity to intervene to stop the excessive force used by the Defendants, Andrew W. Schwartz and Andrew J. Merkes.

105.    That the Defendant's, Ross D. Schulz, failure to intervene in the other Defendants' use of constitutionally unreasonable force violated the Decedent's clearly established constitutional rights.

106.    As a direct and proximate result of the failure to intervene by the Defendant, Ross D. Schulz, the Decedent suffered severe injuries, including her eventual death.

## SIXTH CAUSE OF ACTION

### 42 U.S.C. § 1983 – EXCESSIVE FORCE – ANDREW J. MERKES

107.    That the Plaintiff incorporates and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

13

108.    That on or about December 8, 2024, the Decedent, Sewayna E. Bombagi, was present at the property located at 7510 Kellner Road, Wisconsin Rapids, Wisconsin, Zip Code 54494.

109.    That at that same time and place, the Defendant, Andrew J. Merkes, used excessive force against the Decedent, including but not limited to putting his knee over her upper right body; instructing the Defendant, Ross D. Schulz, to cross the Decedent's ankles and bend her knees, bringing her feet up to touch her body; and keeping the Decedent in an unsafe position despite her repeated statements that she could not breathe.

110.    That the force used by the Defendant, Andrew J. Merkes, was objectively unreasonable under the circumstances.

111.    That the excessive force subjected onto the Decedent by the Defendant, Andrew J. Merkes, was a violation of the Fourth and Fourteenth Amendments' protections from excessive and unreasonable force in the course of arrest or detention and the substantive due process right of bodily integrity, thereby depriving her of the protections provided therein; and that as a resultant effect of this seizure, the Decedent suffered severe injuries, including her eventual death.

112.    That the foregoing acts on the part of the Defendant, Andrew J. Merkes, were the direct and proximate cause of the injuries, damages, and death of the Decedent, Sewayna E. Bombagi.

## SEVENTH CAUSE OF ACTION

### 42 U.S.C. § 1983 – FAILURE TO INTERVENE – ANDREW J. MERKES

113.    That the Plaintiff incorporates and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

114.    That the Defendant, Andrew J. Merkes, had a duty to intervene on behalf of a citizen whose constitutional rights were being violated in their presence by another officer.

115.    That the Defendant, Andrew J. Merkes, was in a position to observe that the force used by the Defendants, Ross D. Schulz and Andrew W. Schwartz, was excessive and unreasonable under the circumstances.

116.    That the Defendant, Andrew J. Merkes, was in a position to intervene and had a reasonable opportunity to intervene to stop the excessive force used by the Defendants, Ross D. Schulz and Andrew W. Schwartz.

117.    That the Defendant's, Andrew J. Merkes, failure to intervene in the other Defendants' use of constitutionally unreasonable force violated the Decedent's clearly established constitutional rights.

118.    As a direct and proximate result of the failure to intervene by the Defendant, Andrew J. Merkes, the Decedent suffered severe injuries, including her eventual death.

## EIGHTH CAUSE OF ACTION

### 42 U.S.C. § 1983 – FAILURE TO INTERVENE – ERIC JENKIN

119.    That the Plaintiff incorporates and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

120.    That the Defendant, Eric Jenkin, had a duty to intervene on behalf of a citizen whose constitutional rights were being violated in their presence by another officer.

121.    That the Defendant, Eric Jenkin, was in a position to observe that the force used by the Defendants, Andrew W. Schwartz, Ross D. Schulz, and Andrew J. Merkes, was excessive and unreasonable under the circumstances.

122.    That the Defendant, Eric Jenkin, was in a position to intervene and had a reasonable opportunity to intervene to stop the excessive force used by the Defendants, Andrew W. Schwartz, Ross D. Schulz, and Andrew J. Merkes.

123.    That the Defendant's, Eric Jenkin, failure to intervene in the other Defendants' use of constitutionally unreasonable force violated the Decedent's clearly established constitutional rights.

124.    As a direct and proximate result of the failure to intervene by the Defendant, Eric Jenkin, the Decedent suffered severe injuries, including her eventual death.

## NINTH CAUSE OF ACTION

### 42 U.S.C. § 1983 – FAILURE TO INTERVENE – TRENTON WOEBBEKING

125.    That the Plaintiff incorporates and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

126.    That the Defendant, Trenton Woebbeking, had a duty to intervene on behalf of a citizen whose constitutional rights were being violated in their presence by another officer.

127.    That the Defendant, Trenton Woebbeking, was in a position to observe that the force used by the Defendants, Andrew W. Schwartz, Ross D. Schulz, and Andrew J. Merkes, was excessive and unreasonable under the circumstances.

128.    That the Defendant, Trenton Woebbeking, was in a position to intervene and had a reasonable opportunity to intervene to stop the excessive force used by the Defendants, Andrew W. Schwartz, Ross D. Schulz, and Andrew J. Merkes.

129.    That the Defendant's, Trenton Woebbeking, failure to intervene in the other Defendants' use of constitutionally unreasonable force violated the Decedent's clearly established constitutional rights.

130.    As a direct and proximate result of the failure to intervene by the Defendant, Trenton Woebbeking, the Decedent suffered severe injuries, including her eventual death.

**WHEREFORE**, the Plaintiff, JoAnn Olson, on behalf of the Estate of Sewayna E. Bombagi, prays this Honorable Court:

1.    That the Plaintiff, Estate of Sewayna E. Bombagi, by its Special Administrator, JoAnn Olson, have and recover a money judgment against the Defendants, Andrew W. Schwartz, Ross D. Schulz, Andrew J. Merkes, Eric Jenkin, and Trenton Woebbeking for compensatory and special damages in an amount of TEN MILLION DOLLARS ($10,000,000).

2.    That the costs of this action be taxed against the Defendants.

3.    For the dismissal of any and all subrogation or reimbursement claims.

4.    For any and all reasonable attorney's fees associated with this action.

5.    For other and further relief as the Court may deem just and proper.

### JURY DEMAND

**PLEASE TAKE NOTICE** that the Plaintiff hereby requests a trial by a jury of 12.

**DATED** at Milwaukee, Wisconsin, this 27th day of July, 2026.

HUPY AND ABRAHAM, S.C.
Attorneys for the Plaintiff,


By: *Electronically signed by:  Todd R. Korb*
Todd R. Korb
State Bar Number: 1026950

Post Office Address
111 East Kilbourn Avenue
Suite 1100
Milwaukee, Wisconsin 53202
Phone Number: (414) 223-4800
Email: TKorb@hupy.com